UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KAREEM L. TUCKER, | ) | Case No.: 1:19 CV 929 |
| Petitioner | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| WARDEN DOUGLAS FENDER, | ) | |
| Respondent | ) | ORDER |

Currently pending before the court in the above-captioned case is Petitioner Kareem L. Tucker's ("Tucker" or "Petitioner") Petition for Writ of Habeas Corpus ("Petition") (ECF No. 1), pursuant to 28 U.S.C. § 2254. Under Local Rule 72.2, the court referred the matter to Magistrate Judge William H. Baughman, Jr. on April 25, 2019. The case was later transferred to Magistrate Judge Jennifer Dowdell Armstrong ("Magistrate Judge" or "Judge Armstrong") on September 6, 2022, pursuant to General Order 2022–14, to prepare a Report and Recommendation ("R & R") (ECF No. 23). For the following reasons, the court adopts Judge Armstrong's R & R (ECF No. 23), and denies the Petition (ECF No. 1) in its entirety.

Tucker filed his Petition (ECF No. 1) on April 24, 2019, challenging his conviction for: (1) four counts of trafficking in drugs in violation of O.R.C. § 2925.03(A)(2); (2) possession of drugs in violation of O.R.C. § 2925.11(A); (3) two counts of possessing weapons under disability, in violation of O.R.C. § 2923.13(A)(2); (4) possessing criminal tools under O.R.C. § 2923.24(A); and

(5) use or possession of drug paraphernalia pursuant to O.R.C. § 2925.14(C)(1). (R & R at PageID #1628, ECF No. 23.) As a result of his guilty verdict, the trial court sentenced Petitioner to 13 years and 4 months' incarceration. (*Id.* at PageID #1630.) Further, the trial court ordered Petitioner to serve his prison sentences consecutively to sentences he received in his other case in Lorain County Common Pleas Court Case No. 10CR081026, for an aggregate consecutive sentence of 38 years. (*Id.*) Tucker's Petition asserts the following grounds for relief:

> GROUND ONE: Tucker's 14th Amendment due process rights were violated when he was not professionally evaluated by an expert to determine his competency to proceed in his pretrial and trial proceedings. Throughout the proceedings, Tucker displayed many indicia of incompetency, showed by his repeated failures to have a rational understanding of the proceedings against him and to consult with a lawyer with a reasonable degree of rational understanding. The trial court had a constitutional duty to sua sponte to [sic] order Tucker to undergo a competency evaluation.
>
> GROUND TWO: Tucker's 14th Amendment due process rights were violated when the trial court allowed him to proceed pro se without a knowing and intelligent waiver of counsel. Throughout the proceedings, Tucker displayed many indicia of incompetency, showed by his repeated failures to have a rationale [sic] understanding of the proceedings against him and to consult with a lawyer with a reasonable degree of rational understanding. The trial court had a constitutional duty to ensure that Tucker's right to effective assistance of counsel was protected.
>
> GROUND THREE: Tucker's 14th Amendment due process rights were violated when the trial court imposed 13 years consecutive to Case No. 10CR081026, after its previous imposition of 13 years, 4 months consecutive to Case No. 10CR081026 was deemed retaliatory by the Ninth District Court of Appeals for Tucker taking his case to trial.

(*Id.* at PageID #1636.) Respondent Warden Douglas Fender ("Respondent") filed a Return of Writ (ECF No. 14) on August 23, 2019. Tucker filed his Traverse (ECF No. 16) on September 20, 2019. Judge Armstrong submitted her R & R (ECF No. 23) on September 30, 2022, recommending that

the court deny and dismiss the Petition in its entirety on three bases.

First, the R & R recommends that the court dismiss the Petition because Petitioner failed to comply with the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of limitations requirement, pursuant to 28 U.S.C. § 2244(d)(1)(A). (R & R at PageID #1645, ECF No. 23); *see* 28 U.S.C. § 2244(d)(1)(A) ("A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ."). More specifically, the R & R finds that Petitioner's one-year AEDPA statute of limitations began to run on July 28, 2017, 45 days after the Ohio Court of Appeals' decision upholding his consecutive sentences. (*Id.* at PageID #1643); *see also* Ohio S. Ct. Prac. R. 7.01(A)(1) (noting that in Ohio a criminal defendant has 45 days after the Ohio Court of Appeals issues a decision to seek review by the Ohio Supreme Court); 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.").

Petitioner's statute of limitations first paused when he filed a motion for leave to file a delayed appeal with the Ohio Supreme Court on March 6, 2018. (*Id.*) At this point, 221 days had elapsed under the statute of limitations. (*Id.*) On April 25, 2018, the Ohio Supreme Court denied Petitioner's motion, triggering the statute of limitations to begin to run again on April 26, 2018. (*Id.*) The statute of limitations paused again on July 19, 2018—82 days later—when Petitioner filed his delayed application under Ohio App. R. 26(B) to reopen his direct appeal that challenged his re-sentencing. (*Id.* at PageID #1644.) This resulted in 302 days having elapsed under the statute of

limitations. (*Id.*) On September 28, 2018, the Ohio Court of Appeals denied Petitioner's application. (*Id.*) Because Petitioner could have appealed the denial of his application to the Ohio Supreme Court but failed to do so, the statute of limitations began to run on November 13, 2018, 45 days later, and continued to run until the one-year AEDPA statute of limitations expired on January 12, 2019. (*Id.*) The R & R finds that Petitioner has not indicated or argued that any of his claims are entitled to one of the later limitations periods outlined in 28 U.S.C. § 2244(d)(1)(B)-(D), and therefore concludes that his Petition, filed on April 24, 2019, is untimely. (*Id.*)

Next, the R & R considers whether Petitioner is entitled to equitable tolling that would effectively excuse his untimely submission. (*Id.*); *Holland v. Florida*, 560 U.S. 631, 645 (2010) (noting that a petitioner is entitled to equitable tolling if he shows that he has pursued his right diligently and some extraordinary circumstance stood in his way that prevented him from timely filing his petition). The R & R concludes that the record is bereft of any explanation for Petitioner's untimely filing and that Petitioner does not contend that some extraordinary circumstances stood in his way that prevented his timely filing. (*Id.* at PageID #1645.) Additionally, the R & R rejects Petitioner's argument, that he is entitled to tolling because he was mentally incompetent, and determines that Petitioner has failed to demonstrate that he is either mentally incompetent or that his alleged mental incompetence was the cause of his failure to comply with the AEDPA's one-year statute of limitations. (*Id.* at PageID #1646.) Furthermore, the R & R notes that despite the fact that the trial court did not order a psychological examination of Petitioner, the record demonstrates that the judge conducted a colloquy to determine Petitioner's competency and found him competent given an evaluation of the totality of the circumstances. (*Id.* at PageID #1647.) The R & R concludes that Petitioner is not entitled to equitable tolling and therefore his Petition is untimely. (*Id.* at PageID

#1648.)

Second, the R & R recommends that the court find that all three of Petitioner's ground for relief are procedurally defaulted. (*Id.*); *see also Wainwright v. Sykes*, 433 U.S. 72, 80, 84–87 (1977) (noting that a claim is procedurally defaulted when a habeas petitioner fails to obtain consideration of a federal constitution claim by a state court because: (1) he failed to comply with a state procedural rule that prevented the state court from reaching the merits of the claim or (2) fairly raise the claim before the state courts while state remedies were available). With respect to Petitioner's first and second grounds, the R & R determines that they are procedurally defaulted because Petitioner did not present those claims— that the trial court failed to order a competency evaluation and that he allegedly failure to produce a knowing and intelligent waiver of counsel—to the Ohio Court of Appeals on his initial direct appeal. (*Id.* at PageID #1650.) Under Ohio Supreme Court Practice Rule 7.01(A)(1), Petitioner had 45 days to appeal his entry of judgment but failed to do so because he and his counsel "made a tactical decision not to appeal because they anticipated obtaining a more favorable sentence upon remand and 'did not want to disrupt the momentum from the prior appellate decision pointing to a more reasonable sentence.'" (*Id.*) (citing Pet. at PageID #4–5, ECF No. 1.) Petitioner failed for a second time to comply with state procedural rules when he failed to present his first and second grounds of relief to the Ohio Supreme Court after he received the second Ohio Court of Appeals' decision. (*Id.*) Further, the R & R finds that to the extent that Petitioner raises an ineffective assistance of counsel claim to excuse his procedural default, the court need not address the merits of that claim because Petitioner procedurally defaulted the claim by not appealing the denial of the Rule 26(B) application to the Ohio Supreme Court. (*Id.* at PageID #1651.); *Goldberg v. Maloney*, 692 F.3d 534, 537–38 (6th Cir. 2012) (finding that the denial of a motion for

delayed appeal does not exhaust a claim of ineffective assistance of appellate counsel). Next, in regard to Petitioner's third ground for relief, the R & R recommends that the court find the claim procedurally defaulted because Petitioner failed to fairly present his claim during his appeal as a federal issue. (*Id.* at PageID #1652.)

Third, the R & R considers each of Petitioner's claims on the merits and recommends that each be dismissed for lack of merit. As to Petitioner's first ground for relief, the R & R reiterates the Ohio Court of Appeals' decision, which found that the trial court did not abuse its discretion when it failed to *sua sponte* order Petitioner to undergo a competency evaluation before trial, and finds that the state court's decision was not contrary to, or involved an unreasonable application of clearly-established federal law. (*Id.* at PageID #1655–57.) Moreover, the R & R concludes that the Ohio Court of Appeals' determination was not an unreasonable determination of the facts in light of the record before the state court. (*Id.* at PageID #1658.) Next, as to Petitioner's second ground for relief, the R & R concludes that the Ohio Court of Appeals' decision was not contrary to, or an unreasonable application of, clearly-established law. The R & R finds that the Ohio Court of Appeals' decision—which found that "the record demonstrates that the trial court engaged in a colloquy that was appropriate given the totality of the circumstances, and Mr. Tucker, although obstinate, knowingly, voluntarily, and intelligently waived the right to counsel"—was not contrary to, or an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. (*Id.* at PageID #1661–65.) Finally, with respect to Petitioner's third ground for relief, the R & R finds that Petitioner has not presented any circumstances that indicate a "taint of retaliation and vindictiveness", as he alleges, and that upon review of the record, the re-sentencing judge, who was different than the original sentencing judge, provided a logical, non-vindictive

reason for his imposition of Petitioner's increased sentence. (*Id.* at PageID #1667–68.) As such, the R & R concludes that Petitioner has not met his burden of demonstrating that the re-sentencing judge acted vindictively as a punishment for his successful appeal. (*Id.*)

Objections were due on October 14, 2022. As of the date of this Order, Petitioner has not filed an objection or sought an extension to file one. By failing to object to the R & R, Petitioner has waived his right to appeal from an order adopting the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). After careful *de novo* review of the R & R, the parties' arguments, and all relevant materials in the record, the court finds that Judge Armstrong's recommendations are fully supported by the record and controlling case law. *See Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). Accordingly, the court adopts Judge Armstrong's R & R (ECF No. 23) in its entirety and denies and dismisses the Petition. The court also certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

*/s/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

January 12, 2023